# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 19-681 PA (SKx) | Date | March 8, 2019 |
| Title | William Leung, et al. v. China Southern Airlines Company Limited, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS – COURT ORDER

Before the Court is a Motion to Remand (Docket No. 16) filed by plaintiffs Jim Leung and William Leung, by and through his guardian ad litem Christopher Allan Bury (the "Plaintiffs"). Defendant China Southern Airlines Company Limited ("China Southern") has filed an Opposition (Docket No. 22), and Plaintiff has filed a Reply (Docket No. 23). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument. The hearings calendared for March 11, 2019, are vacated, and the matter taken off calendar.

## I.  Background

According to the Complaint, William Leung, who is severely disabled, and his father, Jim Leung, were traveling internationally from Los Angeles, California to Guangzhou, China on February 1, 2018. When Jim Leung purchased the airline tickets from China Southern, he requested a wheelchair for his son William Leung. However, when they arrived at the ticket counter to check in, check their luggage, and obtain a wheelchair, China Southern employees refused to provide Plaintiffs with a wheelchair. Jim Leung explained that his son needed a wheelchair because of his disabilities, and the attendant demanded that he explain why his son needed wheelchair assistance and provide proof of his son's handicap. Plaintiffs allege that William Leung's disabilities are self-evident to the public without need for additional explanation, but Jim Leung proceeded to show the attendant various documents evidencing William Leung's disabilities, including his disabled person placard receipt. The attendant still refused to provide a wheelchair. Eventually, the supervisor and manager were called, who both refused to provide Plaintiffs with a wheelchair and made derogatory comments to Plaintiffs. While checking Plaintiffs' bags, the manager looked at William Leung and demanded that he speak, but when he did not answer, he cursed at Plaintiffs and said they were a problem. After the manager refused to provide the wheelchair to Plaintiffs, Jim Leung showed him that the pre-ticket wheelchair request was documented on his ticket. The manager then checked the computer, saw the wheelchair request, and agreed to provide a wheelchair to Plaintiffs.

A China Southern attendant then wheeled William Leung to the security checkpoint and at one point demanded that he speak to her, yelling "Can't you talk?" when he did not respond. She also grabbed the wheelchair, shook it, and ordered William Leung to get up and walk through the security checkpoint. William walked through the checkpoint, but once he arrived on the other side, the attendant was gone and did not appear with the wheelchair again for a long period of time. When she returned, she wheeled him to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-681 PA (SKx) | Date | March 8, 2019 |
|---|---|---|---|
| Title | William Leung, et al. v. China Southern Airlines Company Limited, et al. | | |

the gate and again demanded that he get out of the wheelchair and walk onto the plane. Because of this treatment, Plaintiffs were severely emotionally distressed and William Leung suffered a series of seizures on the flight, causing him to lose control of his bodily functions.

Plaintiffs filed this lawsuit in Los Angeles Superior Court. William Leung's claims include negligence, intentional and negligent infliction of emotion distress, assault, battery, and violation of the Unruh Civil Rights Act. Jim Leung's claims include intentional and negligent infliction of emotion distress. Plaintiffs seek general, special, and punitive damages. China Southern removed the action to this Court based on diversity jurisdiction and federal question jurisdiction, and Plaintiffs filed this Motion to Remand.

**II.     Legal Standard**

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). The bases for federal subject matter jurisdiction are federal question jurisdiction under 28 U.S.C. § 1331, diversity of citizenship jurisdiction under 28 U.S.C. § 1332, and patent jurisdiction under 28 U.S.C. § 1338(a).

A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004) (citing Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

"The defendant also has the burden of showing that it has complied with the procedural requirements for removal." Riggs v. Plaid Pantries, Inc., 233 F. Supp. 2d 1260, 1264 (D. Or. 2001) (citing Schwartz v. FHP Int'l Corp., 947 F.Supp. 1354, 1360 (D. Ariz. 1996)). These procedures include a requirement that the "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Id. § 1446(b)(3).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-681 PA (SKx) | Date | March 8, 2019 |
|---|---|---|---|
| Title | William Leung, et al. v. China Southern Airlines Company Limited, et al. | | |

### III. Discussion

#### A. Diversity Jurisdiction

To invoke this Court's diversity jurisdiction, Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). A person is domiciled in the place he resides with the intent to remain or to which he intends to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id.

Plaintiffs are citizens of California and China Southern is a citizen of the People's Republic of China. Plaintiffs argue that there is no complete diversity because Plaintiffs' Complaint includes allegations against four Doe Defendants who are "employees, agents, and/or managers" of China Southern and who "live and/or work in Los Angeles, State of California." (Compl. ¶ 4.) Plaintiffs' argument fails to take into account controlling precedent that establishes that the identities of fictitiously named defendants are not considered when deciding whether there is complete diversity. See 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."); Zogheib v. Coast Hotels & Casinos, Inc., 325 F. App'x 602, 603 (9th Cir. 2009) ("[The plaintiff] never sought to substitute named defendants for those sued under fictitious names, and the citizenship of these fictitious defendants has 'no jurisdictional significance.'"); Soliman v. Philip Morris Inc., 311 F.3d 966, 971 (9th Cir. 2002) ("The citizenship of fictitious defendants is disregarded for removal purposes and becomes relevant only if and when the plaintiff seeks leave to substitute a named defendant."). Thus, the Court must disregard the four Doe Defendants' citizenship.

The citizenship of fictitious defendants will become relevant if Plaintiffs seek leave to substitute named defendants for the four Doe Defendants. At that time, the Court would reconsider whether there is complete diversity between the parties to support jurisdiction. See 28 U.S.C. § 1447(c), (e); Bernier v. Travelers Prop. Cas. Ins. Co., Inc., No. 11-CV-78 JLS (RBB), 2012 WL 12540930, at *3 (S.D. Cal. May 21, 2012), aff'd, 626 F. App'x 666 (9th Cir. 2015) ("[I]f diversity is the sole basis for federal jurisdiction, the joinder of non-diverse defendants in a removed action divests a district court of jurisdiction, and the case must be remanded to state court.").

Plaintiffs also argue that the amount in controversy has not been met. To support the amount in controversy, China Southern relies on Plaintiffs' counsel's settlement demand of $8 million. "A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." Cohn v. Petsmart, Inc., 281 F.3d 837, 840 (9th Cir. 2002). Plaintiffs argue that the settlement demand should be disregarded because it was made by Plaintiffs' prior counsel and that current counsel has not engaged in settlement negotiations or made a statement of damages. Plaintiffs do not point to a reason why the settlement demand is an unreasonable estimate of their claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-681 PA (SKx) | Date | March 8, 2019 |
|---|---|---|---|
| Title | William Leung, et al. v. China Southern Airlines Company Limited, et al. | | |

The Court also notes that Plaintiffs have requested economic and noneconomic damages, as well as punitive damages. Therefore, the Court finds that the amount in controversy requirement has been met.

### B.     Federal Question Jurisdiction

Because the Court has diversity jurisdiction, the Court does not reach the issue of whether the Montreal Convention completely preempts state law, thereby establishing federal question jurisdiction.

### Conclusion

Based on the foregoing, the Court denies Plaintiffs' Motion to Remand without prejudice to Plaintiffs joining defendants in the future who destroy complete diversity.

IT IS SO ORDERED.